UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LESLIE CUNNINGHAM,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ACCOUNT PROCESSING GROUP LLC; CORY A. CARRUBA; and JOHN DOES 1–5,<br><br>　　　　Defendants. | CIVIL COMPLAINT<br><br>Case No.  2:21-cv-120<br><br><br><br>**A TRIAL BY JURY IS DEMANDED** |

## COMPLAINT

Now comes Leslie Cunningham ("Plaintiff"), complaining as to the conduct of the above-captioned defendants ("Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.02 *et seq.*

### BACKGROUND

2. Defendants, along with other entities and individuals to be identified in discovery, are involved in an ongoing scheme whereby they have conspired to use false representations and threats to coerce the payment of money from consumers across the country who allegedly have failed to repay payday loans.

3. This conspiracy, like many similar schemes, is located in and around the Buffalo, New York area, even though Defendant Account Processing Group LLC falsely purports to be located in Boulder, Colorado.

4. Over the past two decades, Buffalo has become so well-known as the capital of such debt collection schemes that in February 2020, a movie about sketchy debt-collection tactics was titled "Buffaloed."

5. These schemes generally use a style of debt collection script that is known as "The Shakedown" or "The Shake."

6. The principal characteristic of "The Shakedown" is its frequent, blatant, and illegal use of what are known in the debt collection industry as "legal talk-offs" — that is, misleading legal references and legal threats.

7. For instance, a collector will pretend to be a local process server and will state to the consumer that "charges" have been filed against the consumer. The caller will represent that he is attempting to locate and serve the consumer with a summons and complaint that has been filed with a court. The caller suggests that the charges might not be pursued if the consumer calls a toll-free number in the next several hours and arranges to pay money (sometimes called "restitution") to the fake process server's "client" or to a supposed third-party "mediation" or "arbitration" company.

8. Threatening messages are often purposefully left with the consumer's relatives, employer, or other third parties in order to increase the likelihood of a response.

9. When the consumer responds to the call, the collector (often posing as an attorney or paralegal) accuses the consumer of misdeeds, makes false threats of pending litigation (and sometimes prosecution), and demands payment of the alleged debt.

10. Of course, no lawsuit has been filed. Often, the caller misrepresents and grossly overstates the amount owed. Sometimes the debt is even time-barred. Often, the consumer's personal, financial, and account information will have been stolen and will have been sold and resold to multiple parties, such that the caller no longer owns or otherwise has any right to collect the account. Consumers are often bullied and intimidated into paying the alleged debt to multiple entities.

11. When sued for violating the FDCPA, most of the entities default, accumulate default judgments, and continue to operate under a progression of limited liability companies.

12. Hilton Parker LLC is one of the few law firms willing to locate and sue these companies—a process which often involves obtaining a large default judgment and then spending months or years in post-judgment litigation to make the offenders pay. The purpose of lawsuits like the present suit is to flip the tables, turning the former "debtor" into a judgment creditor with the power to—through entirely legal channels—do to the collector what that collector illegally threatened to do her.

### JURISDICTION AND VENUE

13. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

## PARTIES: PLAINTIFF

15. Plaintiff is a natural person residing in Franklin County.

## PARTIES: CORY A. CARRUBA

16. Cory A. Carruba is a natural person aged approximately 35, residing at 71 Paige Ave, Buffalo, New York 14223.

16. Ms. Carruba regularly collects or attempts to collect, directly and indirectly, debts owed or due or asserted to be owed or due another.

17. Ms. Carruba is an experienced debt collector who has worked in the collections industry since at least 2011.

18. Ms. Carruba began her collections career at First Reliance Holdings LLC, where she first learned the tactic of creating fictitious street addresses in other states for Buffalo-based collections companies to give them an air of legitimacy.

19. In 2016, while Ms. Carruba was working at First Reliance Holdings LLC, that company—which was physically located in New York—registered with the Colorado Secretary of State as having a purported street address "3985 Wonderland Hill Ave., Boulder, CO, 80304."

20. On information, reference, and belief, First Reliance Holdings LLC was never physically located at that address.

[ 4 ]

21. When Ms. Carruba left First Reliance Holdings LLC in approximately 2017 to found Account Processing Group LLC, she took with her the tactic of creating virtual Colorado street addresses.

22. In 2018, Ms. Carruba registered Account Processing Group LLC with the Colorado Secretary of State as having a purported principal office address of "4845 Pearl East Circle, Suite 101, Boulder, CO 80301."

23. This address, however, was merely a "virtual" office address—in other words, no Account Processing Group LLC employees or managers actually ever set foot there.

24. Later, Ms. Carruba abandoned even this "virtual" office address and began holding out Account Processing Group LLC as being located at 1966 13th St., Boulder, CO 80302 and 1125 Neon Forest Cir #200, Longmont, CO 80504.

25. These addresses were, on information, reference, and belief, entirely fictitious and were not related to Account Processing Group LLC in any way.

26. Ms. Carruba also arranged for Account Processing Group LLC to use the telephone line 970-289-2405, so that consumers would be deceived into believing that the company was located in Colorado due to its area code.

27. During all times pertinent hereto, Ms. Carruba:

    a. Created the collection policies and procedures used by all Defendants, and their employees and agents, in connection with their common efforts to collect consumer debts;

    b. Managed or otherwise controlled the daily collection operations of Defendants;

    c. Oversaw the application of the collection policies and procedures used by Defendants and their employees or agents;

    d. Drafted, created, approved and ratified the tactics and scripts used by Defendants, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint;

    e. Ratified the unlawful debt collection practices and procedures used by Defendants and their employees or agents in connection with their common efforts to collect consumer debts; and

    f. Had knowledge of, approved, participated in, and ratified the unlawful debt collection practices used by Defendants as alleged in this Complaint.

**PARTIES: ACCOUNT PROCESSING GROUP LLC**

28. Defendant Account Processing Group LLC is a Delaware limited liability company that purports to have its principal place of business in Longmont, Colorado, but in reality has its principal place of business in Buffalo, New York.

29. Account Processing Group LLC is a small outfit with approximately five collectors.

30. On May 19, 2020, Account Processing Group received a $30,625 Paycheck Protection Program ("PPP") loan, indicating that it has approximately $147,000 in payroll expenses every year.

31. Given the small size of Account Processing Group LLC, it is probable that Ms. Carruba is able to supervise nearly all of the conduct of the four other collectors.

32. In January, February, and March 2020, Account Processing Group LLC began an aggressive nationwide campaign, calling various consumers and falsely threatening them with civil and criminal action.

33. On information and belief, the following comments left by consumers regarding the phone number 970-289-2405 are true and accurate descriptions of Account Processing Group LLC's atrocious conduct:

   a. "Dustin," on January 14, 2020, commented: "Got a call stating something about a court case and if I didn't respond to the give[n] phone number I would be a repeat offender."

   b. "Moore," on January 15, 2020, commented: "Got a call stating something about a court case and if I didn't respond to the phone number I would be a repeat offender."

   c. "Osh," on January 15, 2020, commented: "Same as everyone else. Got a call that they were going to be verifying my address and employer. Gave a number to contact 'prior to being served' and threatened that not doing so would make me a 'repeat offender.'"

   d. "Jennifer," on January 16, 2020, commented: "Abusive recording saying I have pending aligations [sic] and I will be reported to county clerk's office. I tried to call to get info and it's a lady wanting to put me on hold please help me they are calling every day and I can't seem to block this number

[ 7 ]

because the phone they are calling from is private they leave me a message telling me to call 970-289-2405 and some lady just put me on hold so I hang up very quickly this is very upsetting to me and needs to stop."

e. "Mike," on January 17, 2020, commented: "They just called me stating I have pending allegations and it is my legal right to contact the plaintiff at the following number 970-289-2405."

34. Dozens of similar complaints can be found online.

35. On information and belief, Defendants knew that their conduct was illegal, and at all times knew that they were operating in violation of federal law.

**PARTIES: JOHN AND JANE DOES 1-5**

36. Jane Doe 1 is an individual debt collector who recorded and left the voicemail message transcribed in this Complaint. She is liable under the FDCPA and CSPA in her personal capacity for the messages that she left, and her identity will be revealed in discovery.

37. Jane Doe 2 is an individual who spoke with Plaintiff on the phone when Plaintiff called the number that Defendant provided.

38. John Does 3 through 5 are individuals who conspired with Ms. Carruba to create and manage her debt collection enterprise. Their identities will be revealed in discovery, but potentially include Lori Thompson-DiaPaul, Teresa Hays, and John Thompson, among others. Plaintiff plans to seek to hold these individuals to account under the common law theory of conspiracy.

## BACKGROUND

39. Plaintiff, in approximately 2015, obtained a payday loan from "Check N' Go."

40. Plaintiff used this account to purchase household items and to pay for everyday living expenses, such as groceries and basic necessities.

41. After the account was in default, it was sold to JTM Capital Management LLC.

42. JTM Capital Management LLC then sold the account to Account Processing Group LLC.

43. Defendant Account Processing Group LLC began a campaign of harassment, intimidation, and extortion to collect upon Plaintiff's account.

44. Account Processing Group LLC, on or around January 23, 2020, called the mother of Plaintiff's boyfriend's children and left the following pre-recorded voicemail:

> This notification is intended for [pause] [in a robotic voice:] "Leslie Cunningham." I have received an order of process in my office for several pending allegations in which you are currently being investigated for [*sic*]. I will be verifying your current address as well as your place of employment today. In the meantime, it is your legal right and responsibility to contact the Plaintiff prior to being served. You can reach that office directly at 970-289-2405. Again, the number is 970-289-2405. Please refer to case number [pause] [robotic voice]: 236063. A failure to comply with this office will result in you being named as a repeat offender with your local clerk.

45. Plaintiff, alarmed, called the 970 number.

46. The representative from Account Processing Group LLC pretended to be from Check N' Go's in-house collections department.

47. When Plaintiff pressed for a name, the representative gave the false name "Financial Solutions."

48. The representative falsely denied having called Plaintiff's family.

49. When Plaintiff then played the above-transcribed message for the representative, the representative admitted that the company was using scare tactics to intimidate her into paying, and that there was no pending lawsuit.

50. Plaintiff stated that she wished to retain an attorney, but the representative attempted to dissuade her, stating that it would do her little good.

51. The representative also accused Plaintiff of attempting to "scare" the collector.

52. Plaintiff never received, and Defendants, on information and belief, never sent, the notice of debt collection commonly known as a "§ 1692g" notice.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

53. Plaintiff realleges the paragraphs above as though fully set forth herein.

54. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

55. Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purpose of their business is the collection of debts, and because they use the instrumentalities of interstate commerce to do so.

56. In the alternative, Defendants are "debt collector[s]" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

57. Defendants, through the actions of their common enterprise Account Processing Group LLC, violated 15 U.S.C. § 1692 in the following ways:

   a. Communicating with those other than the Plaintiff regarding her debt, in violation of § 1692b and § 1692c;

   b. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff, namely attempting to dissuade her from obtaining legal representation while at the same time threatening her with civil suits and criminal prosecution, in violation of § 1692d generally;

   c. Falsely representing or implying that its communications were from an attorney, when they were not, in violation of § 1692e(3);

   d. Falsely threatening civil and criminal prosecution, and to have Plaintiff labeled as a "repeat offender," in violation of § 1692e(5);

   e. Falsely implying that the consumer committed a crime, in violation of § 1692e(7);

   f. Failing to provide the so-called "mini-Miranda" warning required by § 1692e(11);

   g. Using the fake business name "Financial Solutions," in violation of § 1692e(14);

   h. Falsely holding the business out as being located in Colorado, when it is actually located in Buffalo, New York, with all the other illegitimate collectors, in violation of § 1692e generally;

   i. Failing, at any time, to send the notice of debt required by § 1692g(a).

58. Ms. Carruba is liable for all the above acts in her capacity as someone who directly oversaw, approved, participated in, and ratified these activities.

59. Jane Doe 1 is liable for those specific acts which she personally committed.

60. Jane Doe 2 is liable for those specific acts which she personally committed.

61. John Does 3-5 are liable as co-conspirators with Ms. Carruba for having conspired to set up the enterprise responsible for committing so many violations of federal and state consumer law across the nation in a few short months.

### COUNT II—VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

62. Plaintiff realleges the paragraphs above as though fully set forth herein.

63. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

64. Plaintiff is a "person" as defined by R.C. 1345.01(B).

65. Defendants are "supplier[s]" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

66. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

67. R.C. 1345.09(B) grants Plaintiff a private right of action against Defendant.

68. Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when it engaged in acts and practices in violation of the FDCPA as set forth above.

69. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq. See, e.g., Kelly v. Montgomery Lynch & Assocs.*,

*Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

70. Defendants committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

71. Ms. Carruba is liable for all the above acts in her capacity as someone who directly oversaw, approved, participated in, and ratified these activities.

72. Jane Doe 1 is liable for those specific acts which she personally committed.

73. Jane Doe 2 is liable for those specific acts which she personally committed.

74. John Does 3-5 are liable as co-conspirators with Ms. Carruba for having conspired to set up the enterprise responsible for committing so many violations of federal and state consumer law across the nation in a few short months.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.**    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.**    Awarding Plaintiff statutory, actual, punitive, and treble damages pursuant to the CSPA, plus reasonable attorney fees to include a fee multiplier;

    **e.**    Awarding Plaintiff injunctive relief pursuant to the CSPA forbidding Defendant from continuing its illegal practices against her;

    **f.**    Awarding Plaintiff the costs of this action and any other appropriate relief.

**<u>A TRIAL BY JURY IS DEMANDED.</u>**

Dated: January 11, 2021

                                          <u>By: s/ Jonathan Hilton</u>

                                            Jonathan Hilton (0095742)
                                            HILTON PARKER LLC
                                            10400 Blacklick-Eastern Rd NW, Suite 110
                                            Pickerington, OH 43147
                                            Tel: (614) 992-2277
                                            jhilton@hiltonparker.com
                                            *Attorney for Plaintiff*